AGNES J. DENNISON, *Appellant,* v. EDWIN H. DENNISON, *Appellee.*

Opinion Filed December 22, 1914.

DIVORCE—DESERTION OF HUSBAND BY WIFE FOR ONE YEAR
JUSTIFIES DIVORCE *a Vinculo.*

Where a wife files a bill against her husband for alimony and
suit money, and the husband, after answering her bill, files
a cross-bill against her alleging a wilful and obstinate de-
sertion of him by her without any just cause for more than
one year continuously before the filing of his cross-bill, and
upon the testimony taken the Chancellor renders a final de-
cree dismissing the wife's bill for alimony and granting to
her husband on his cross-bill an absolute divorce *a vinculo,*
and where upon appeal to this court we cannot adjudge that
the Chancellor erred in his finding from the evidence sub-
mitted that the wife did, without just cause, wilfully desert
and abandon her husband, and that such desertion continued
obstinately for more than a year prior to the filing of said
cross-bill, such decree will be affirmed.

Appeal from Circuit Court for Duval County; Geo.
Couper Gibbs, Judge.

Decree affirmed.

*James M. Carson,* for Appellant;

*B. B. McDonald,* for Appellee.

TAYLOR, J.—The appellant as complainant below filed
her bill in equity in the Circuit Court of Duval County
against the appellee as defendant below praying for ali-
mony for the support of herself and child and for attorneys
fees.  In brief her bill alleges that she and the defendant

were lawfully married on the 23rd day of November, A. D. 1905, in the State of Pennsylvania, and have continued to be man and wife up to and including the time of the filing of her bill. That one child called Sarah Dennison, now five years old, was born of said wedlock and is now living with her; that she is now living apart from him for the reason that some time after their marriage he commenced to shower attentions on another woman; that this coming to her knowledge she remonstrated with him in reference thereto; upon which he became angry with her and ceased to live with her, and so it is she is living apart from him through his fault; that she is poor and without means to support herself and child; that since the month of February, 1908, he has failed to contribute to the maintenance of herself and his said child, and still refuses so to do, although he is employed in the City of Jacksonville, where he resides, at a salary of $50 per week; that he lives in an expensive manner at the best of hotels, and owns or claims to own and runs an expensive automobile and otherwise spends great amounts of money on himself and for his living expenses.

The defendant answered the bill in which he denies every material averment therein, except the marriage to complainant and the birth of their child, and asserts that the complainant wife has wilfully deserted and abandoned him without just cause except an unreasonable and groundless jealousy towards another woman, and asserts that his salary is only the sum of $15 per week, instead of $50 as alleged. The defendant husband also filed a cross-bill in which he prays for an absolute divorce from his said wife on the ground of her alleged wilful, obstinate and continuous abandonment and desertion of him for a period of more than a year prior to the filing of his cross-bill. By agreement of the attorneys for the respective

parties the master appointed to take testimony as to the facilities and necessities of the respective parties reported to the court that $8 per week from the date of the report would be a suitable alimony to be paid by the defendant husband, and the sum of fifty dollars for her attorney's fee, which report was confirmed by an order of the Judge, also by consent of the attorneys for the parties.

The defendant wife to the cross-bill answered the same, denying in terms its every material allegation, and alleging that the husband deserted her, instead of she him as he alleged in his cross-bill, and further alleges illicit attentions on his part towards another woman named. Replications were filed to the respective answers, a master was appointed to take and report the evidence and his findings from such evidence, which was done and on the pleadings and evidence reported at the final hearnig of the cause the Chancellór entered a final decree dismissing the original bill filed for alimony by the complainant wife, and granting an absolute divorce on the defendant husband's cross-bill. This decree the complainant wife brings here for review by appeal.

There was no evidence offered on behalf of the complainant wife. The defendant husband introduced quite a lot of evidence in support of his cross-bill, and without reiterating it here, we cannot say that the Chancellor erred in his finding from the evidence that the complainant wife did without just cause wilfully desert and abandon her said husband, and that such desertion continued obstinately for more than a year prior to the filing of the cross-bill herein.

The decree appealed from is therefore hereby affirmed, at cost of the appellee husband.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.