J. H. Thompson, *Appellant*, v. Mary Thompson, *Appellee*.

En Banc.

Opinion Filed June 15, 1925.

Where the allegations of a cross-bill seeking divorce on the ground of willful, obstinate and continued desertion for the statutory period are proved, a decree in accordance therewith should be entered.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*A. B. Carlton* and *H. S. Glazier*, for Appellant;

*Mabry, Reaves & Carlton*, for Appellee.

West, C. J.—This case was formerly here on motion to require appellant to pay a suitable sum for appellee's solicitors' fees for services rendered in this court and to require him to pay $100 which the chancellor had decreed should be paid to her solicitors for services rendered in the court below. The motion was denied. Thompson v. Thompson, 86 Fla. 515, 98 South. Rep. 589.

In the opinion then filed the conclusion now reached upon a consideration of the case on its merits was forecasted. The court said that if appellee's living apart from appellant "was through no fault of his, it follows, in the absence of any showing to the contrary, that such conduct constituted desertion," and upon the theory that her living apart from him was through no fault of his, the motion was denied. The logical result of that decision is a reversal of the decree denying the prayer of the cross-bill of complaint.

The cross-bill was filed after the alleged desertion had continued for the statutory period of one year. The proof sustains the allegations of the cross-bill and the prayer should have been granted. Dennison v. Dennison, 68 Fla. 519, 67 South. Rep. 114; Hudson v. Hudson, 59 Fla. 529, 51 South. Rep. 875.

The decree appealed from is reversed with directions to enter a decree in conformity with the conclusion herein announced.

Reversed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.