[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 241 
This cause is here for review from a decree awarding a divorce, custody of two minor children, and monthly support for them, also solicitors' fees and costs, to appellee, based upon her bill of complaint as amended.
To complainant's original bill alleging desertion as the only ground, defendant filed his answer denying the facts set up by complainant and at the same time filed a cross-bill seeking a divorce from complainant on the ground of desertion.
After taking the testimony of two witnesses before the chancellor, complainant's solicitor moved to amend her bill by adding the ground of "extreme cruelty" and on the same day an amendment was presented and filed over the objections of defendant containing not only the additional ground of extreme cruelty but a third ground of "habitual intemperance." This furnishes the basis of the two first assignments of error.
The ground of desertion being apparently abandoned, the decree was necessarily based either on the ground of extreme cruelty or habitual intemperance as contained in the amendment.
Courts of this State have a broad discretion in allowing amendments, and where no settled rule of law or procedure is plainly violated, or a sound judicial discretion abused, the action of the court in permitting amendments *Page 242 
will not be disturbed. Guggenheimer v. Davidson, 62 Fla. 490, 56 So. 801; Warren v. Warren, 73 Fla. 764, 75 So. 35, L. R. A. 1917 D, 490. As to chancery causes, see Sec. 4902, Compiled General Laws of Florida, 1927, and as to other civil causes, see Sec. 4295, Compiled General Laws of Florida, 1927. See also the case of Town of Punta Gorda v. Charlotte Realty Inv. Co.93 Fla. 253, 111 So. 631. Application should be made promptly after the necessity for the amendment has been discovered. Griffin v. Societe Anonyme la Floridienne J. Buttgenbach Co.,53 Fla. 801, 44 So. 342.
Appellant contends that the amendment in substance is the institution of a new suit because the grounds for divorce relied upon in the amendment are based upon entirely different grounds to that designated in the original bill. The general rule heretofore announced by this Court is that where the amended bill of complaint in effect seeks the same relief and the allegations do not assert an entirely different and inconsistent cause of action, which is so palpably inconsistent with or repugnant to the original bill that no decree can properly be entered upon the amended bill, the amendment should be allowed. Atlantic Coast Line R. Co. v. Feagan, 93 Fla. 1015,113 So. 89, Guggenheimer v. Davidson, supra.
Where the original bill of complaint charges desertion and seeks to obtain a divorce, support, attorney's fee and costs and the amended bill seeks the same relief, but based upon different grounds, such amended bill is not in effect the institution of a new and materially different suit which is so palpably inconsistent with or repugnant to the original bill that no decree can properly be entered upon such amended bill. This would especially be true where the original ground of desertion is based upon allegations *Page 243 
that plaintiff was driven away from the home, in that testimony adduced in support of either of the grounds would be of a kindred nature tending to render marital life intolerable. The procedure was irregular but not necessarily erroneous or prejudicial.
 "Mere irregularities in procedure are not cause for reversal where no showing is made that either party was prejudiced thereby." Baker v. Baker, 94 Fla. 1001, 114 So. 661.
It is observed that in support of the amended ground of extreme cruelty there is alleged only two rather isolated special instances; (1) on or about August 25, 1925, while attending a "box supper," (after which marital relations were resumed) and (2) December 13, 1927, when a misunderstanding resulted in some violence on both sides, both apparently equally blamable, at which time complainant again left the home with both children, ages about 5 and 9 years respectively at the time of the separation.
In the case of Hayes v. Hayes, 86 Fla. 350, 98 So. 66, the ground was "extreme cruelty," and the instances relied upon occurred in 1917 and 1918, this Court held that a single act of violence is not "nor are isolated instances of cruelty repeated at long intervals sufficient grounds for divorce." In that case, this Court said that our statute permits the dissolution of the marriage contract only in cases where the purpose of the relation has failed or "been defeated by grave and serious misconduct;" also that on application for divorce "such misconduct should be established by competent evidence of a full and satisfactory nature."
In a similar case of Williams v. Williams, 23 Fla. 324,2 So. 768, this Court said:
 "In this State; and in others the rule is extended to *Page 244 
mental as well as bodily injuries. If the mental injury is not of itself sufficient to constitute cause of divorce it may serve to aid bodily injury to constitute such cause."
There does not appear to be any serious mental injury to complainant involved here.
This rule may be further affected and more strictly applied where the welfare of minor children is most seriously affected by the separation of parents, for causes over which the children have no control. This Court has held that the proper custody of children is a legitimate subject for the chancellor at any time, as that power, even after final decree, is reserved to alter or modify the decree in this respect. Meadows v. Meadows, 78 Fla. 576, 83 So. 392; McGill v. McGill, 19 Fla. 341; Harris v. Harris, 65 Fla. 50, 61 So. 122. Such children are and continue to be virtually wards of the court, and the court not only has the power, but it is its duty, to supervise their welfare when the matter is properly brought to its attention. 19 C. J. 341, Sec. 789, and p. 349, Secs. 808 and 809.
The final decree awards custody of the two minor boy children of 8 and 11 years of age at time of the decree to the mother for the eight months of the school term at which time defendant is required to pay complainant $25.00 per month, and that for the remaining four months, the children are to be in custody of defendant, which indicates clearly that the chancellor did not consider the defendant an improper person to have control, or that he is habitually intemperate.
While a marriage is defined as a "civil contract" under the common law, which prevails in this State, yet it differs from ordinary bilateral contracts in that it cannot be terminated by mutual consent or understanding, nor by the will *Page 245 
of either party. It remains executory until death or the majesty of the law intervenes to sever the bonds which have long been acknowledged by our people as one of the sacraments specifically recognized by Divine Law. Even as a civil contract, society in the person of the State becomes a most important and legal party in every marriage, and our courts have not so far sanctioned the severance of the bonds of marriage without a decree rendered on proper allegations of the cause supported by sufficient proof.
Although on its face the complainant and defendant in a suit for divorce are the only parties thereto, the government is also a party whose duty it is to see that public morals and the welfare of the entire community are protected. Hancock v. Hancock, 55 Fla. 680, 45 So. 1020, 15 L. R. A. (N. S.) 670.
When children are born as a result of such marriage, the State's interest becomes infinitely more concerned as society's future welfare rests largely and ultimately upon the issue of lawful marriage and their welfare becomes paramount to that of the comforts, desires and welfare of either or both of the parents. The incident of the little boy weeping when produced as a witness for complainant, while being interrogated as to which of his parents he had rather live with, becomes a most pitiable commentary upon the weakness of parents to consider their own pleasure and comfort at the sacrifice of that of their own helpless children.
In 9 R. C. L. 481, it is said that
 "It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, for causes of which they are innocent, and by proceedings to which they are not parties,"
and that this duty *Page 246 
 is not to be evaded on the grounds of their wrongdoings or dissensions.
The paramount consideration, therefore, is the welfare of the child and to that welfare the claims and personal desires of parents and even the wishes of the child, must yield if opposed to that object. 19 C. J. 343, Sec. 795, and authorities cited.
Considerable testimony was taken from various witnesses upon the issue of habitual intemperance of defendant in which there is much conflict and even that given by complainant and her sister and mother is more or less indefinite except as to their opinions and conclusions.
The persistent habit of being intoxicated constitutes the offense of "habitual intemperance," which is made by law a cause or ground for divorce. The offense is the habit, and frequently recurring drunkenness constitutes the proofs, (McGill v. McGill, 19 Fla. 341) and habitual intemperance as a ground for divorce in this State is limited to the excessive use of intoxicating liquors. Hayes v. Hayes, supra; Moor v. Moor, 211 Ala. 56, 99 So. 316.
It is sufficient if the person has a fixed habit of frequently and repeatedly getting drunk when the opportunity presents itself, or has lost the willpower to resist. The habitual but moderate use of intoxicating liquors is not a cause for divorce, though constant and continuous drunkenness need not be shown if drunkenness is a fixed habit. 2 Schouler on Marriage, Divorce and Separation (6th Ed.) Sec. 1555.
We cannot see that there is evidence in this case upon which to base a decree of divorce in favor of complainant on either ground alleged.
The third assignment of error is that
 "The court erred in permitting the solicitor for the *Page 247 
complainant to testify, over objections of defendant's solicitor, as to what would be a reasonable fee to be allowed complainant's solicitor."
This assignment is discussed very meagerly in briefs of appellant and appellee and no cases are cited. At the close of taking testimony counsel for complainant, over the objection of defendant was permitted to testify that $150.00 would be a reasonable fee to be allowed him by the court. No other testimony was offered upon that issue. Upon the question of the financial ability of the defendant, there was evidence to the effect that defendant was earning only $40.00 per month in recent months and that twenty of that was turned over to his wife and children.
The court allowed $100.00 in its final decree for attorney's fee, which under ordinary circumstances is not excessive, though improperly awarded.
In the case of Flourney v. Smith, 84 Fla. 553, 94 So. 503, one of the attorneys for complainant was allowed to testify that a reasonable sum for attorney's fee would be 10 per cent of the principal and interest actually due, plus $25.00 filing costs. No other testimony was taken on that issue and the decree awarded an attorney's fee of 10% of the amount found to be due on the indebtedness only. This court held that while counsel for complainant may not have been an incompetent witness, it involved a principle of ethics and that it was not good practice to award such fees predicated only upon an opinion of complainant's counsel. The decree in that case was reversed as to attorney's fees allowed and thereupon remanded for appropriate procedure.
After a careful examination of the testimony, there could be no room for serious doubt that defendant has fully sustained by competent evidence his cross-bill seeking *Page 248 
affirmative relief for wilful desertion of complainant for over a period of one year. Dennison v. Dennison, 68 Fla. 519, 67 So. 114.
The decree is therefore reversed as to the portion granting divorce to complainant and awarding of attorney's fees, with directions to enter a decree granting a divorce to defendant upon his cross-bill; and the decree is affirmed as to the award of custody of the two minor children and the amount for their support.