**ELIZABETH P. CURTIS v. J. GERRY CURTIS**

22 So. (2nd) 791                                        June Term, 1945
July 10, 1945                                           Division A
Rehearing denied July 27, 1945.

*Frank Clark, Jr.,* for appellant.
*Robert C. Lane,* for appellee.

BUFORD, J.:

Appeal brings for review decree, after testimony taken and report of master, dismissing bill of complaint for divorce.

The chancellor made no definite findings of controverted fact, but he did sustain exceptions to master's report. The master's report, amongst other things, contained the following:

"a. Plaintiff has duly alleged and has established by competent evidence that she is legally married to the defendant, that no children have been born as the issue of her marriage with the defendant; and that he has been guilty of habitual intemperance. She has also established by competent evidence the other material allegations of her bill of complaint. The equities are with the plaintiff and against the defendant and she is entitled to the relief prayed for, except as set forth in the following paragraph."

The ground for divorce, as alleged in the bill of complaint, was habitual intemperance. It is not necessary for us to detail the testimony. It is sufficient to say that the evidence establishes the fact that the defendant was in the habit of drinking some whiskey every afternoon before going home from his work and that on an average of at least 3 times a week he drank enough to become intoxicated and to be definitely under the influence of whiskey.

Our view is that the finding of the master was the only logical finding which could be adduced from the evidence. See Hays v. Hays, 86 Fla. 350, 98 So. 67; Kennedy v. Kennedy, 101 Fla. 239, 134 So. 205, and cases there cited.

When the statutory ground for divorce had been sufficiently alleged and the allegation had been sustained by overwhelming proof it was the duty of the Chancellor to grant the divorce in a case where the complaining spouse is shown (as in this case) to be without fault in bringing about the existence of the alleged ground for divorce, See 27 C.J.S. page 535, Sec. 15 and authorities there cited.

The cost of this appeal should be taxed against the appellee and the appellant should be allowed a fee for her attorney for the prosecution of this appeal in the sum of $150.00 to be paid by the appellee within thirty days from the going down of the mandate herein and the decree should be reversed with directions that a decree of divorce be entered in favor of complainant, appellant.

The matter as to whether or not permanent alimony will be allowed, and, if so, in what amount, will be left to the discretion of the Chancellor.

Reversed and remanded with directions.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.