HOBSON, Justice.
This petition for writs of certiorari is directed to four interlocutory orders of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, dated the 24th day of October, 1956, to wit:
*415 (1) Order denying motion of the defendant, Khudourie Chaachou, filed before the court on September 28, 1956, and recorded in Chancery Order -Book 1263, at Page 303;
(2) Order declaring the plaintiff and the defendant, Khudourie Chaachou, to be legally husband and wife, recorded in Chancery Order Book 1263, at Page 301;
(3) Order awarding additional suit money to the plaintiff, recorded in Chancery Order Book 1263, at Page 226;
(4) Order awarding the plaintiff increased temporary alimony, recorded in Chancery Order Book 1263, at Page 227.
We have no difficulty in determining that the petition, insofar as it is directed to Orders (1), (3) and (4) is concerned, should be denied because this court, in a former appearance of this case, Chaachou v. Chaachou, Fla., 1954, 73 So.2d 830, determined that respondent had established by evidence a prima facie case of a ■common law marriage between the respondent and the petitioner, Khudourie Chaachou. The chancellor was eminently correct in refusing to ignore that decision which settled the law of the case up to that point.
We are, however, of the view that the Order (2) declaring the plaintiff and defendant, Khudourie Chaachou, to be legally husband and wife should be quashed. Although it may be said that Khudourie Chaachou had an opportunity to attempt to overcome the prima facie case of a common law marriage, the record as well as admissions by counsel discloses that much confusion and delay has been' attendant upon this litigation and the ends of justice appear to require a determination of the paramount questions in this case upon their merits. Consequently, Order (2), that is to say, the order entered October 24, 1956, declaring the plaintiff and the defendant Khudourie Chaachou to be legally husband and wife is hereby quashed and set aside with directions that the chancellor proceed to the taking of testimony upon all questions presented by the pleadings.
In determining the issue of the existence or non-existence of a common law marriage, the chancellor is further directed to consider the testimony which heretofore was taken before the special master as establishing, prima facie, the existence of a common law marriage, and permit either party to this cause to present further evidence if he or she so desires. If the chancellor should ultimately decide that the defendant carried his burden of overcoming the prima facie showing of a common law marriage then, of course, no testimony need be taken upon the question of the plaintiff’s right to a divorce.
The petition for writs of certiorari is granted in part and denied in part.
It is so ordered.
TERRELL, C. J., and DREW and O’CONNELL, JJ., concur.