HORTON, Chief Judge.
The appellee wife sued the husband for. divorce, alimony, suit money and attorney’s *577 fees. She charged him with extreme cruelty. The husband answered the charge with a general denial and counterclaimed for divorce upon the ground of habitual intemperance. The wife denied the charges of the counterclaim. Subsequent to these pleadings, the wife, by order of court, was permitted to file an amended complaint for alimony unconnected with divorce, and the husband’s counterclaim for divorce was dismissed without prejudice. The wife’s amended complaint restated the allegations of the original complaint. The husband answered the amended complaint, denying the material allegations and alleging misconduct on the part of the wife.
Upon the issues made by the latter pleadings, testimony was taken before the chancellor. At the conclusion of the taking of testimony, and pursuant to leave of court, the husband filed an amendment to his answer and a counterclaim for divorce. The counterclaim charged the wife with extreme cruelty and habitual intemperance —all to conform to the evidence adduced at the final hearing. The wife answered the counterclaim for divorce denying the allegations and urging that the counterclaim did not conform to the evidence adduced at the final hearing. The chancellor then rendered a final decree allowing the wife permanent alimony, attorney’s fees and costs, from which decree this appeal was prosecuted.
The appellant has urged numerous points for reversal of the final decree. However, the determinative point is whether the chancellor was in error in denying the appellant husband a decree of divorce. Counsel for the appellee has conceded in oral argument before this court that the evidence was sufficient to justify a decree of divorce in favor of appellant.
In rendering the final decree, the chancellor found:
“The wife is obviously at fault. And the husband, as near as possible, is free from fault.”
These conclusions were amply supported by the evidence. The sister of the appellee wife, called as a witness on her behalf, testified that the appellant was a good husband and had never been known by her to exhibit any violence toward the appellee. Certainly the chancellor, as expressed by his decree, was faced with a most difficult case to decide. Nevertheless-, where the evidence, as here, could support only one conclusion, it was his duty to render a decree consistent therewith. In Curtis v. Curtis, 156 Fla. 344, 22 So.2d 791, the Supreme Court of Florida said:
“When the statutory ground for divorce had been sufficiently alleged and the allegation had been sustained by overwhelming proof it was the duty of the Chancellor to grant the divorce in a case where the complaining spouse is shown (as in this case) ‘to be without fault in bringing about the existence of the alleged ground for divorce. See 27A C.J.S. Divorce § 15, and authorities there cited.”
Upon the findings of fact made by the chancellor, supported by adequate proof of a statutory ground for divorce in favor of the appellant husband, a decree of divorce should have been rendered.
By cross-assignments, the wife contends the chancellor erred by (a) failing to partition jointly owned properties; (b) failing to award more than $45 per week permanent alimony; and (c) failing to award more than $350 attorney’s fees for her counsel. Argument under these assignments is not supported by any authorities in appellee’s brief and our research fails to disclose any legal basis therefore. As to the award of permanent alimony and attorney’s fees, the appellee simply takes issue with the chancellor on the amount of the award, but nowhere has she shown that the chancellor abused his discretion. It was the appellee’s burden to clearly demonstrate an abuse of discretion and in this she has failed.
*578 Upon remand of the cause, the chancellor, of course, is at liberty to reconsider the question of support for the wife, attorney’s fees and costs. In addition, he should dispose of the pending injunction restraining the withdrawal of funds from a jointly-held savings account.
Accordingly, the decree appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.
PEARSON and CARROLL, CHAS., JJ., concur.