CARROLL, CHAS., Judge.
This is an interlocutory appeal in a divorce suit which presents the question of whether the chancellor erred in refusing the defendant husband’s request, made before trial, to amend his answer to include aver-ments that the plaintiff wife had been guilty of adultery, and to counterclaim for divorce on that ground.
At the outset it is noted that the motion to amend was made on behalf of all of the defendants; that is, Khudourie Cha-achou and three Florida corporations, Paris Corp., Columbia Corp., and the K. Chaachou Foundation. Obviously there can be no question of the correctness of the chancel■.lor’s refusal to permit the defendant corporations to plead adultery or to counterclaim against the wife for divorce. The subject of the amendment was a defense or counterclaim personal to the husband, against the wife, and in this opinion, in referring to “the defendant” we will have reference to the individual defendant Khu-dourie Chaachou.
The plaintiff had filed a suit for divorce in Dade County in July of 1952, claiming to be a common law wife. By 1958, after six years of litigation, she had succeeded in establishing that status. See Chaachou v. Chaachou, Fla.1954, 73 So.2d 830; Id., Fla. 1957, 92 So.2d 414; Id., Fla.1958, 105 So.2d 793.
In November of 1958 a master was appointed to try the merits of the divorce suit. On May, 7, 1959, a month before the testimony was set to begin before the master on June 8, a motion was filed on behalf of the defendant to amend his answer to plead adultery, in defense, and as a counterclaim for divorce. The intended pleading was not submitted with the motion. That motion was denied by an order dated May 19, 1959. Within the time for rehearing, new and substituted attorneys, being those who now represent the defendant, filed a motion on June 1, 1959,[1] which sought reconsider *75 ation of the prior motion, and which again moved for leave to so amend. To that motion there was attached the proposed amendment.[2] That second motion to amend was heard and denied by an order dated June 3, 1959. The defendants appealed from the two orders denying leave to so amend, and progress of the cause was stayed pending this appeal by a supersedeas order.
Due to the date of the filing of the suit, the applicable rules were Florida Equity Rules of July 1, 1950. The appellant contends that the pleading as presented made a sufficient showing of a meritorious defense to the plaintiff’s cause of action and to the claim for alimony; that it presented an important issue in the trial of the divorce suit essential to the defendant’s case; that allowance of the requested amendment would be in the furtherance of justice; and, therefore, that it was an abuse of discretion to deny the motions to amend. Also, appellant pointed to Florida Equity Rule 26 (now in effect as rule 1.15(e) of 1954 Fla. R.C.P., 30 F.S.A.) which provides that the court may at any time “in furtherance of justice, upon such terms as may be just,” permit any pleading to be amended.
Appellee contends that the proposed pleading did not present a meritorious de-, fense or counterclaim, and argues that the denial of appellant’s motion for leave to amend should be upheld because the facts offered in the amendment were known at the time of the original answer. Appellee refers to rules 33, 34 and 35 of the Florida Equity Rules of July 1, 1950,* which provide for filing defensive matter or counter-; claim in the initial response to a pleading.
The rule requiring a defense or' counterclaim to be filed in or with the an- ■ swer must be read together with the rule-for amendments. Failure to file a known defense at the time the defendant is first required to answer does not, under the’: Equity Rules applicable to this suit, preclude the allowance of an amended pleading later, to set up such matters. See Crews v. Crews, 130 Fla. 499, 178 So. 139, 141. Rule 33(h) of the Equity Rules of July 1, 1950, as amended' effective June 1, 1952, which was substantially the same as the present rule 1.11(h) of 1954 Florida Rules of Civil Procedure, making failure to' include a defense (with certain exceptions) 1 in an initial responsive pleading, a waiver thereof, authorized adding omitted defenses as late as the time of trial, by liberality of amendment as provided for in Equity Rule 26. See Emich Motors Corporation v. General Motors Corp., 7 Cir., 1956, 229 F.2d 714; 2 Moore, Federal Practice, § 12.23 (2d ed. 1948).
The proposed pleading alleged, prima' facie, a defense, at least to the wife’s claim for alimony, and a cause of action for divorce on the ground asserted.[3] The suit represents an application of the wife for-divorce, a claim to property and for alimony. Section 65.08, Fla.Stat., F.S.A., re *76 lating to allowances of alimony to a wife in connection with decrees for divorce, expressly provides that “no alimony shall be granted to an adulterous wife.” The amended answer averring adultery on the part of the wife would raise an important issue in view of her claim for alimony, aside from other considerations. The same is true of the issue of her alleged adultery as it would be involved under the defendant’s counterclaim.
Under the equity rules affecting this case, and under the law, there is a liberal policy to grant amendments freely when justice so requires. See Fla.Equity Rules 26, 34; Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201; Crews v. Crews, supra, 130 Fla. 499, 178 So. 139; Kooman, Florida Chancery Pleading and Practice, §§ 119, 128 (1939); 25 Fla.Jur., Pleadings, §§ 102-106.
The state, though not named in the case, is a party in interest in every divorce suit, and there devolves upon the state a duty that the morals and welfare of the entire community be protected by litigation of the issues in divorce suits and by seeing that the true facts are disclosed. Hancock v. Hancock, 55 Fla. 680, 45 So. 1020, 15 L.R.A.,N.S., 670; Kennedy v. Kennedy, supra, 101 Fla. 239, 134 So. 201; Schuberth v. Schuberth, Fla. 1951, 52 So.2d 332; 10 Fla. Jur., Divorce, § 4; 8 F.L.P., Divorce and Alimony, § 29; 17 Am.Jur., Divorce and Separation, § 13.
Because of the interest of the state in divorce cases, they are not permitted to go by default, without proof. Important issues bearing on the granting or the denial of a divorce or its incidental relief are as much a concern of the court when a defendant through collusion, neglect, inadvertence or otherwise fails to plead or respond, as when such matters are tenaciously fought out through an able defense. For that reason, an issue which is tendered in a divorce suit, having the importance of that which was presented through the motion involved here, should not be excluded, but such important issues should be allowed and required to be tried, unless it is made to appear to the court, by the circumstances of the case, that to do so would be a.manifest injustice or unduly delay or inconvenience the trial.and progress of the suit. See 3 Nelson, Divorce and Annulment, § 24.11 (2d ed. 1945); 10 Fla. Jur., Divorce, § 57; 17 Am.Jur., Divorce and Separation, § 369; 27A C.J.S. Divorce § 8c.
In the order denying the motion to amend, the grounds recited by the chancellor were, “ * * * for the reasons set forth in the plaintiff’s Response and Objections to the granting of said motion, and because no showing has been made by the defendants that the information upon which they rely for amending their answer was not available to them when they filed their answer, and at all times subsequent thereto.”
The reasons contained in the plaintiff’s Response and Objections to the motion to amend, to which the court referred in its order were: the long pendency of the cause; the defendant’s responsibility for past delays; a contention that “it would be impossible for plaintiff to defend against [the charge of adultery] in time for trial”; an attack on the affidavits the defendant submitted with the motion to amend; and a contention that witnesses the defendant would present would perjure themselves.
Those reasons for the denial of the motion as recited in the court’s order, individually or taken together, were not such as to compel or justify a denial of the defendant’s motion to amend, in the sense of being essential to overcome the contrary directive force of the liberality of the rules for allowing amendments and the interest of the state guided by a strong policy for issues bearing on the merits of the divorce claims to be litigated, and for the essential and true facts in such cases to be brought out.
Here the trial of the divorce issues had not begun. The added time or delay which *77 the amendment might cause could not have been a material element, in a case which had gone for some seven years without the trial of the divorce issues having commenced. The amendment to the answer, defending on the ground of adultery would require no responsive pleadings by the plaintiff. No extensive responsive pleading would be required to the counterclaim, which could be responded to by denials. A further delay in the trial, if forced by the new pleading, would have been no novelty in this case, where after litigating other issues for six years, some seven months had elapsed since a master was appointed to take testimony on the merits of the divorce, with no testimony yet presented by the plaintiff before the master on her divorce issues.
The reasons other than delay in submitting the amendment were not compelling. The past delays in taking testimony, if defendant was responsible for them, did not have reference to the new issue tendered by the motions to amend, for leave to file which the motion was entitled to be considered on its own merits in' light of the. rules and policies of the law relating thereto. A shortness of time to defend against the charge of adultery, of which plaintiff complained, should not have barred amendment. A further postponement could have been had, or necessary time arranged by the master in regulating the taking of the testimony before him. Moreover, the issue was one which the plaintiff would not be required to meet until all of her evidence was in, and until after she had rested her case,which, according to the time schedules of this suit could have been months. The matter of the affidavits submitted with the motion to amend was not material because a defendant moving to amend to add a defense is not required to submit evidence and prove the defense before being allowed to plead it.
It would be “in furtherance of justice” as referred to in the rule on amendments, for the proposed amendment to be allowed in order that the issue raised by it should be tried in this divorce suit, rather than that such an important issue should be submerged and ignored.
The motion to amend was properly denied as to the defendant corporations, but we hold that it was error for the court to deny the motion of the defendant Khudou-rie Chaachou for leave to file his proposed amendment and to that extent the order dated June 3, 1959, denying the motion to amend the answer is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part.
HORTON, C. J., and PEARSON, J., concur.

. The defendant’s motion to amend filed June 1, 1959, was as follows :
“Come now the defendants, by the through their undersigned counsel, and move this court to reconsider its order denying the defendant Khudourie Cha-achou’s previous motion for leave to amend answer setting forth the ground of adultery, and to allow the defendants, pursuant to applicable Florida Equity Rules, Florida Rules of Civil Procedure and Florida Statutes, leave to amend the answer, to file an amendment to the answer asserting the ground of adultery, upon the following grounds:
“1. The defendants have discovered credible witnesses whose testimony they expect will conclusively show that the plaintiff in this cause to have been an adulterous wife during the marriage of the parties.
“2. The adulterous acts will be shown to have been flagrant and indulged in over a period of many years during the marriage of the parties.
“3. The evidence of such adultery, if admitted, would by and under the laws of the State of Florida, have material bearing upon the questions of alimony and property and disposition thereof.
“4. The original answer filed herein was a general traverse whereunder the affirmative allegation of adultery by way of answer or counterclaim would not be available to the defendants.
‘‘5. Substantial justice for all parties to this cause would best be served by allowing the defendants to file said amendment to answer and counterclaim.
“6. The substantial rights of the plaintiff would not be adversely affected if the court allowed the filing of the said amendment to answer and counterclaim, but a gross injustice would be done to the defendants by disallowance of the request.
“7. Denial of the right to amend the answer and to counterclaim as herein respectfully requested would be tantamount to a refusal of the substantial rights of the defendants afforded by the Constitution of the United States, the Constitution of the State of Florida, the Florida Statutes, Florida Equity Rules and the Florida Rules of Civil Procedure.
“8. The defendants waive the requirement that the cause return to rules if *75 this motion for leave to amend is granted by the court.
“In support of this motion the defendants attach hereto sworn affidavits showing the basis for the affirmative defense and for the proposed counterclaim, for which leave to file is sought. The affidavits exemplify the testimony that will be presented by such witnesses and others on behalf of the defendants. Also attached hereto and in support of this motion, is the proposed amendment to answer and counterclaim for divorce.”

. The amendment which was proffered with the motion to amend charged the plaintiff with having been guilty of adultery with a named party, at a designated place during the summer of 1951 and in October of that year.

 Now 30 F.S.A. Rules of Civil Procdure, rules 1.11, 1.8, 1.13.

. We disregard affidavits which were presented by the parties below pro and eon, as to the facts alleged in the proposed new pleading, as the allowance or disal-lowance of the requested amendment could not properly be based on any such-summary trial of those important issues on affidavits, particularly before the pleadings which would raise the issue or issues were filed.