## VAUGHN v. VAUGHN.
### No. 60-C-1529
Circuit Court, Palm Beach County.
April 1, 1963.

Warren M. Goodrich, Bradenton, for plaintiff.

Warwick, Paul & Warwick, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This matter is before the court upon defendant's petition for modification of the final decree herein dated March 9, 1961, in which custody of the minor children of the parties was awarded to the plaintiff father. Defendant petitions to have custody of the children transferred to her. Further, petitioner alleges that she bore a child on May 2, 1961, following the divorce, of which plaintiff is the father, and prays that plaintiff be required to pay the medical expenses incident to the birth and care of that child.

A hearing upon the petition was held before the court in which the parties offered conflicting testimony regarding (a) the treatment of the children by their paternal grandparents, to whom the

main duties of caring for the children were delegated by their father, the plaintiff, who has regular working hours, and (b) the conduct of the various interested parties with respect to the allowance and the use of visitation rights on the part of the defendant mother. The petitioner testified that she felt entitled to custody of the children because "I am more mature now, more grown up. I don't act like a child any more." If that assertion can be regarded as material, its validity was belied by her conduct in a tantrum displayed in the course of her testimony before the court.

The case was referred, following the hearing, to the juvenile court of Palm Beach County for its recommendations. The report of that court failed to recommend the granting of custody to either of the parents, commenting that plaintiff has problems which "are prevalent among those who have been raised by an overly affectionate mother and father, and show evidence of great restraint and a sheltered life. For this reason, this court recommends that custody not be granted either Mr. Vaughn or his mother or father; as the same situation may arise as these children reach maturity. As for Renee M. Vaughn . . . this court does not believe her association with her mother in the presence of the children provides a healthy atmosphere and therefore cannot recommend that the custody of the children be given to Mrs. Vaughn or Mrs. Vaughn's mother." The juvenile court counsellor recommended placement of the children in a "wholesome and selected foster home."

The court does not find from the evidence that any substantial change in the conditions or circumstances of the parties has occurred since the entry of the final decree; nor, with due regard for the report of the juvenile court counsellor, does the court find that the father and paternal grandparents of the minor children are not suitable and proper persons to have custody and control of them, or that they are not properly cared for, or that their best interests would be served by a change of custody. Under these circumstances the facts do not lawfully warrant a modification of the custodial provisions of the final decree.

In the case of Belford v. Belford, Fla., 32 So.2d 312, the trial court, which had originally awarded custody of a young female child to the father, two years later granted the mother's petition for a transfer of custody, but the Supreme Court reversed, saying —

"When entering a decree modifying a former final custodial decree it must appear that a change in the conditions or circumstances of the parties, or at least one of them, warrants such change. In 27 C.J.S., Divorce, Sec. 317 (5), it is said —

" 'The presumption favors the reasonableness of the original decree, and the party seeking modification has the burden of proof to show facts warranting modification and that the change is for the child's best interest.' "

The Court went on to say —

"It appears that probably the chancellor considered this matter in the same light as it would have been considered by him had no former decree been entered and, therefore, applied the rule enunciated in Fields v. Fields, 143 Fla. 886, 197 So. 530, and in Hurst v. Hurst, Fla., 27 So.2d 749, and other cases of that sort. There are valid reasons for the difference in degree of discretion which may be exercised by the chancellor in these two classes of cases. He is vested with the right of exercise of a broader discretion in entering the original final decree because then it devolves upon him to determine the relative fitness of the parties for the custody of the child and to determine from all the facts what decree will be for the best interest of the child, but when he has entered that decree and it becomes final it is res adjudicata of those facts and circumstances and cannot be modified or changed thereafter, unless it appears that there are some pertinent facts which the court did not know at the time that decree was entered, or unless there is an altered condition shown to have arisen since the decree. See Frazier v. Frazier, supra.

"It is important that this rule should be observed, else there could never be any finality of the judicial determination of the custody of children."

In Bennett v. Bennett, Fla., 73 So.2d 274, the Supreme Court reversed the trial court which had granted a petition for modification taking custody of the children from the father and giving it to the mother. The Supreme Court stated —

"The primary concern of this court is and should be the welfare of the children. If any change is to be made in the provisions of the decree of June 12, 1952, we are warranted in making such changes only on the basis of a change in conditions and circumstances of a substantial character which have occurred since the date of that decree or on the basis of facts bearing upon the question which were in existence at the time the decree was made but were unknown to the court on the date of its decree. Sayward v. Sayward, Fla. 1950, 43 So.2d 865. And, even if we do determine that there has been a substantial change in conditions, we would be warranted in altering said decree only where it appears that the welfare of the children will be promoted thereby."

With respect to the claim for medical expenses connected with the child born following the divorce, the court finds that petitioner has failed to establish by a preponderance of the evidence

that plaintiff fathered said child. In the divorce proceedings between the parties, defendant was shown to have been guilty of adultery during the last year of her married life with plaintiff. Further, she testified under oath in November, 1960, that she had not had sexual relations with plaintiff for the past two years. Following the hearing, the court requested the parties to furnish the results of appropriate blood tests regarding the paternity issue, for such value as they might have. The results of such tests have never been received, though a decision in this proceeding has been deferred for many months to await their receipt. Each party has represented to the court that it is extremely difficult to have such tests made, and the court accepts their explanations without prejudice to either party.

The petition for modification of the provisions of the final decree is denied.