186 So.2d 801 (1966)
In the Interest of E.P., Jr.
No. 66-52.
District Court of Appeal of Florida. Third District.
May 3, 1966.
Rehearing Denied June 14, 1966.
*802 Butler, Swope & Manning, Miami Shores, for appellant.
Earl Faircloth, Atty. Gen., Herbert P. Benn, First Asst. Atty. Gen., Yates & Fann, Miami Shores, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
This is an appeal from an order of the juvenile and domestic relations court concerning the custody of a child.
The appellant, Vivian M. Turpin, formerly known as Vivian M. Paczak, obtained a final decree of divorce from the appellee, Edward J. Paczak, in the Circuit Court for Dade County, on May 11, 1959. The decree granted custody of their minor child to the mother and reasonable visitation rights to the father who was required to furnish child support payments. By agreement, the mother consented to raise the child in the faith of the father. The final decree was subsequently modified by the circuit court and transferred to the juvenile and domestic relations court by order dated January 10, 1963.
Following several orders concerning visitation rights, the father, on May 19, 1965 petitioned the juvenile court for further clarification of his visitation rights, for a determination of summer visitation rights and that his visitation rights be extended during the periods of June 10 through 13, July 3 through 5, special sporting events on certain week-ends and additional time during Christmas.
Following a hearing, at which the mother requested an increase in child support payments, attorney fees and court costs, the court issued an order dated July 15, 1965, declaring visitation rights, determining summer visitation rights and ordering the mother to enroll the child in a church school to receive training in the faith of the father. The mother was also granted an increase in child support payments and the court took the award of attorney's fees under advisement.
The court was informed, by affidavit of the father, that the mother was about to move to the state of Georgia. On November 23, 1965, the court issued an order restraining the mother from removing the child from the jurisdiction of the court until further order of the court. The *803 mother then petitioned the court to vacate the order. The court refused to vacate the order, and treating said motion as a petition for an order authorizing the removal of the child to Georgia granted the mother the right to remove the child "subject to the other terms of this order and until further order of this court." The other terms of said order included the visitation rights of the father, continued religious training of the child in the father's faith, and the posting of a cash bond by depositing Five Hundred Dollars in cash in the registry of the court. The bond was to be null and void and the money returned upon satisfactory proof that all previous orders of the court were being carried out. The court also denied the request for attorney's fees previously taken under advisement and awarded court costs to the mother.
The appellant-mother challenges the right of the juvenile court to place restrictions upon her right to remove the child from the jurisdiction of the court in the absence of a residence restriction in the custody provision of the final decree of divorce. The mother also contends that the court erred in requiring the posting of a bond and in refusing to award attorneys' fees.
The jurisdiction of the juvenile court to entertain the proceedings below was obtained by Chapter 27000, Laws of Florida 1951 §§ 3, 9, and said jurisdiction is concurrent with the circuit court.[1] Section 15 of Chapter 27000 provides that appeals may be taken to the circuit court similar in manner and form to appeals in chancery from the circuit court to the Supreme Court of Florida. The effect of the constitutional amendment creating District Courts of Appeal was to change the provision of § 15, supra, so that such appeals are properly taken to this court.[2]
The final decree of divorce between the parties contained no domiciliary or residency requirements limiting the custodial rights of the mother. Notwithstanding this fact, the lower court issued an order restraining the mother from removing the child from the jurisdiction of the court until further order; which was followed by an order permitting removal of the child out of Florida to the state of Georgia, subject to the terms as previously mentioned.
No statute exists which prohibits the removal of a child from the jurisdiction of the court by the person to whom custody is granted and in the absence of a provision in the decree on the matter, the custodian is free to move from the state and take the child with him.[3] This does not mean that one party may deny the other the right of reasonable visitation by leaving the jurisdiction.
The lower court has properly provided for reasonable visitation rights of the father as ordered in the decree. However, as there was no showing that there had been a substantial change warranting modification and the decree is silent on the subject of residency requirement, it is our determination that the court had no authority to alter or enlarge the final decree by post decretal order. We have not decided whether the juvenile court acting under Chapter 27000 has the authority in any situation to issue a restraining order. We have determined only that in this case the court had no authority to issue such an order and subsequently to restrict the removal of mother and child to the state of Georgia subject to certain terms.
The court below required the mother to post a cash bond in an effort to insure compliance with its orders while the child is beyond the jurisdiction of the state.
*804 A court may impose reasonable conditions in permitting removal of a child from the jurisdiction, including a bond.[4] However, the final decree in this case placed no conditions relative to permitting removal. Therefore, the lower court erred in requiring a bond without showing a substantial change in conditions which would warrant a modification of the decree.
The juvenile and domestic relations court has authority to award attorney's fees in cases where the circuit court has awarded custody to the mother and the father files a petition to change the custody provisions of a final divorce decree after the case was transferred from the circuit court to the juvenile court under Chapter 27000, supra.[5]
The father in his petition of May 19, 1965 requested the court to alter the final decree by increasing the periods in which he would have custody of the child. Although the court did not grant such an increase, the mother was forced to defend against that portion of the petition. Further, the mother was forced to defend against the court's order of November 23, 1965, which attempted to modify the final decree by placing a residency requirement upon her as custodian of the child.
It is our view that the court erred in denying the mother attorney's fees in the defense of that portion of the father's petition seeking a change in the custody provisions of the final decree, and in the attempt to vacate the order of November 23, 1965.
Accordingly, that portion of the order appealed which denied the mother's motion to vacate the order of November 23, 1965 is reversed; that portion of the order which restricted the mother's movement, as custodian of the child, to the state of Georgia subject to certain terms is also reversed; that portion of the order relating to the posting of a cash bond is reversed and the cause is remanded to determine the amount of a reasonable fee, from the evidence now in the record, to be awarded the mother for the services of her attorney and make and enter an appropriate order therefor. All other portions of the order are affirmed.
Affirmed in part, reversed in part and remanded.
NOTES
[1] In re Rouse, Fla. 1953, 66 So.2d 42.
[2] Art. 5, § 5(3), Fla. Const., 26 F.S.A.; In re Evans, Fla.App. 1960, 116 So.2d 783.
[3] McCrillis v. McCrillis, Fla.App. 1962, 147 So.2d 584; Bell v. Bell, Fla.App. 1959, 112 So.2d 63.
[4] Fields v. Fields, 143 Fla. 886, 197 So. 530 (1940).
[5] Ch. 27000, Laws of Fla. 1951 § 14; § 65.16 Fla. Stat., F.S.A.; McNeill v. McNeill, Fla. 1952, 59 So.2d 57; State ex rel. Paine v. Paine, Fla.App. 1964, 166 So.2d 708; 1960 Op.Atty.Gen., 060-11, Jan. 13, 1960.