HAVERFIELD, Judge.
This is an appeal by the City of Miami from an order denying its motion for summary judgment and granting plaintiffs ten days within which to amend their reply to the City’s affirmative defenses in this action for alleged breach of a collective bargaining agreement between the City and the Fraternal Order of Police.
Plaintiffs Robert M. Edmunds and Ernesto Ruiz are members of the plaintiff Fraternal Order of Police, Lodge No. 20, and were employed as probationary police officers by the City of Miami. The City and the Fraternal Order of Police entered into a collective bargaining agreement which provided for the establishment of a disciplinary review board for the purpose of conducting hearings prior to a member being dismissed, demoted, fired, suspended or suffering a forfeiture of time. While on a probationary. status, plaintiffs Ruiz and Edmunds were summarily dismissed without a pre-termination hearing before the disciplinary review board despite their requests for such a hearing. Thereupon Edmunds, Ruiz and the Fraternal Order of Police filed a complaint against the City for breach of the collective bargaining agreement for failure to afford Ruiz and Edmunds, probationary police officers, the right to have their dismissals reviewed by the departmental disciplinary board. The City raised as an affirmative defense lack of jurisdiction over the subject matter in that plaintiffs failed to follow the mandatory grievance procedures contained in the agreement and, therefore, this grievance was abandoned pursuant to the agreement terms. Plaintiffs replied with a general denial. Follow *86 ing pretrial discovery, the City filed a motion for summary judgment. Attached to the motion were the chief and assistant chief of police’s affidavits to the effect that at no time did Ruiz or Edmunds reduce their grievance to writing as provided by the collective bargaining agreement. Ruiz and Edmunds filed affidavits in opposition to the City’s motion alleging that upon dismissal, the chief of police and assistant chief informed them that they had no rights under the collective bargaining agreement because the agreement did not apply to probationary police officers. After a hearing, the trial judge entered the appealed order denying the City’s motion for summary judgment and granting plaintiffs 10 days to file an amended reply to the City’s affirmative defense hereinabove. We affirm.
After a review of the record, we find that the trial judge properly granted plaintiffs 10 days to amend their reply to the City’s affirmative defense[1] and, thus, this appeal is premature. Cf. Zito v. Washington Fed. Sav. & L. Ass’n of Miami Beach, 318 So.2d 175 (Fla. 3d DCA 1975).
Further, the burden is upon the party moving for summary judgment to establish the nonexistence of a genuine issue of material fact and he (or she) is entitled to a judgment as a matter of law; he or she must prove this negative conclusively and the proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Graff v. McNeil, 322 So.2d 40 (Fla. 1st DCA 1975).
There remains genuine issues of material fact in this cause including whether plaintiffs Ruiz- and Edmunds requested grievance procedures pursuant to the bargaining agreement and whether the City is estopped from asserting that plaintiffs failed to exhaust their administrative remedies. In addition to these issues raised by the pleadings, there still remains to be resolved the threshold question of whether under the terms of the collective bargaining agreement, plaintiff-appellees as probationary police officers are entitled to a hearing before the departmental disciplinary review board before they can be dismissed. See City of Miami v. Fraternal Order of Police, 346 So.2d 100, 101 (Fla. 3d DCA 1977).
Affirmed.

. See Fla.R.Civ.P. 1.190(e) and Chaachou v. Chaachou, 118 So.2d 73 (Fla. 3d DCA 1960).