ON MOTION FOR REHEARING
LETTS, Judge.
The Motion for Rehearing is granted. The original opinion filed November 27, 1985, is withdrawn and we substitute the following:
The original trial judge concluded (and his successor adopted that conclusion) that the language employed in an antenuptial agreement called for the actual filing date of a petition for dissolution as the moment from which to calculate the cash amount of the benefits to the wife under the agreement. We disagree and reverse.
This appeal evolves from the divorce of an elderly, wealthy furniture magnate after less than three years of marriage from his much younger wife. Under the antenuptial agreement, the cash award increased for every year of the marriage. In reaching his conclusion, the trial judge only took into consideration paragraph three of the agreement which provided that in the event of any filing of a dissolution petition, the antenuptial agreement would govern and preempt all other rights to “property, alimony, temporary support, permanent support, lump sum alimony, property settlement or costs.”
We agree that the filing would trigger the implementation of the provisions in the agreement to the exclusion of any other possible, but not provided for, awards in favor of the wife. However, we do not agree that the filing date for dissolution controls the amount of the pay out. Paragraph four of the same agreement, not considered by the trial judge in his order, is the one that clearly intends to control the calculation of the pay out. Repeatedly, the language of this latter paragraph unequivocally'fixes the date of the actual dissolution to determine the relative property and cash awards. Furthermore, another sentence in that same paragraph employs the phrase “if the marriage lasts.” The law in Florida is clear that while connubial bliss obviously terminates upon the filing (if not before), a marriage “lasts” until dissolution. See Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201 (1931); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944).
Even assuming that the two paragraphs at a minimum create ambiguity (an assumption with which we do not agree) any such should be construed against the husband.[1] He drafted the agreement, Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853 (1910), and, regardless of authorship, the later paragraph should control. Cf. Flowers v. Miskoff 233 So.2d 201 (Fla. 4th DCA 1970), cert. denied, 238 So.2d 106 (Fla.1970); Suncoast Bldg. of St. Petersburg, Inc. v. Russell, 105 So.2d 809 (Fla. 2d DCA 1958).
We find no other error in the trial judge’s orders appealed from and have no quarrel with the conclusion that the wife is not entitled to a $150,000 Rolls Royce. She will just have to be content with her Cadillac, gifts of jewelry in excess of $150,000 and the $700,000 in cash bestowed on her by the agreement.
*1321 Accordingly, we reverse and remand for the entry of a judgment in accordance herewith.
REVERSED AND REMANDED.
LEVY, DAVID, Associate Judge, concurs.
HURLEY, J., concurs specially with opinion.

. The husband, as does this panel, likewise believes there is no ambiguity. However, unlike this panel, he insists that paragraph three of the agreement subsumes paragraph four thereof.