ALICE WALKER, *Appellant,* v. ROBERT H. WALKER,
*Appellee.*

A husband without the wife's consent has the right to estab-
lish the family domicile and it is her duty to live with him
at his domicile if it is reasonably possible for her to do so.
But if a husband by his own acts intentionally brings the
cohabitation to an end, and by his own acts keeps it at
an end for the statutory period, showing no evidence of a
reasonable purpose to renew his marital relation, he is
guilty of desertion and she is entitled to a divorce on that
ground.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the
court.

*John P. Stokes,* for Appellant;

No appearance for appellee.

PER CURIAM—On December 6th, 1911, the appellant
brought a suit for divorce from the appellee on the statu-
tory ground of willful, obstinate and continued desertion
of complainant by defendant for one year. Constructive
service was had by publication under the Statute, and a
decree *pro confesso* was entered. Testimony was taken
and a decree rendered for the defendant on the ground
that the proofs are insufficient to sustain the allegations
of the bill of complaint. Plaintiff appealed.

The bill alleges that the complainant is over twenty-
one years of age; that defendant is over twenty-one years
of age; that complainant has been a resident of this State
for more than two years next before filing the bill of com-

plaint; that complainant and defendant were duly married in Pensacola, Florida, April 24th, 1908; that upon the marriage the parties went on a visit to Surry, Hagerstown, Maryland, where they visited until July, 1908, at which time defendant, without cause or provocation, deserted and abandoned the complainant; that during the time they lived together as man and wife, the complainant did all in her power to promote the happiness and well being of the defendant; that on July 24th, 1908, while they were visiting at Surry, Hagerstown, Maryland, the defendant informed the complainant that it was his desire that she should return to Pensacola, Florida, without him and to make her home with her sisters in this city, and that he would follow her in a few days; "that, confiding in the defendant, and believing his proposal to be made in good faith, your oratrix returned home to the City of Pensacola, aforesaid, where she took up her home with her sisters and awaited the return of the defendant. But alas, the defendant never came to the City of Pensacola, as he had promised to do, and has never since communicated with your oratrix, not advised·her as to his whereabouts, and has never since contributed to your oratrix's support, but has left her to depend on her own exertion and upon her sisters and father for her maintenance; that, after waiting several days for the defendant to come to Pensacola and join her, as he had promised to do, and on his failure so to do, your oratrix wrote him several letters addressed to his last known address, but never received a reply. That your oratrix never gave the defendant any cause or provocation whatsoever for deserting her, as alleged, but that such a desertion of her was wilful and obstinate, and has continued for a period of much longer than one year."

A husband without the wife's consent has the right to

establish the family domicile, and it is her duty to live with him at his domicile if it is reasonably possible for her to do so. But if a husband by his own acts inten tionally brings the cohabitation to an end, and by his own acts keeps it at an end for the statutory period, showing no evidence of a reasonable purpose to renew his marital relations, he is guilty of desertion, and she is entitled to a divorce on that ground. Hunt v. Hunt, 61 Fla. 630, 54 South. Rep. 390.

At the hearing the defendant did not appear or intro duce any evidence. The complainant testified that she is twenty-four years of age; that she has lived in Escambia County, Florida, all her life; that she was married to the defendant in Pensacola, Florida, April 24th, 1908; that they left the same day to visit defendant's former home in Surry, Hagerstown, Maryland, where they remained about four months; that on July 24th, 1908, the defend- ant told complainant to return to Pensacola, and stay with her sister, that he would follow in a few days; that defendant provided the means on which complainant re- turned to Pensacola; that complainant returned to Pen- sacola as directed by defendant; but defendant has never returned to her and she has not seen him since; that she came back because he sent her, and that she would not have come back to Pensacola if she had not thought he was coming, too; that she did not leave her husband with the intention of not living with him again as husband and wife; that she wrote her husband several letters ask- ing him why he did not come to her, but got no answer, though the letters had return cards on them and they were not returned to her; that her husband has contrib- uted nothing to her support; that she lives with her sis- ters; that she has given her husband no reason or cause for deserting her; that she came to Pensacola because he

told her to do so, and she believed and thought he would follow her in a few days, as he told her he would do.

This testimony was corroborated in its main features by two witnesses, who knew of the circumstances as they occurred in Florida.

In view of the evidence that the defendant did not reply to the letters from his wife, and did not go to her or offer during the years they were separated by his direction to perform his marital duties, a willful, obstinate desertion may be inferred and the desertion has continued for more than the statutory period. Hunt v. Hunt, *supra*.

The decree appealed from is reversed, with directions to enter a decree divorcing appellant from appellee, in accordance with the prayer of the bill.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.