J. H. THOMPSON, *Appellant*, v. MARY THOMPSON, *Appellee*.

Opinion Filed December 4, 1923.

1. It is the duty of the husband to provide a home and living expenses for his family and the corresponding duty of the wife to live in the domicile her husband provides for her. She cannot quit the home at pleasure and then equitably or under the statute require her husband to maintain her. And, in such case, when she brings her suit for separate maintenance under the provisions of Section 3197, Revised General Statutes, she is not entitled to an allowance for attorney's fees.

2. Under the statute, Section 3197, Revised General Statutes, maintenance of the wife while she is living apart from her husband is allowable on condition that such living apart from him is through no fault of hers.

3. In a suit by a wife against her husband for separate maintenance an allowance for suit money is allowable not as a matter of strict right to the wife, but as a matter of sound discretion of the court.

This case was decided by Division A.

A motion for an order allowing suit money.

Motion denied.

*Carlton & Glazier*, for Appellant;

*Mabry, Reaves & Carlton*, for Appellee.

ELLIS, J.—This case is presented upon a motion of appellee for an order requiring the appellant to pay a suitable sum to appellee for her solicitor's fees in the Supreme Court and requiring him to pay one hundred dollars, which the Chancellor decreed should be paid her solicitors for their services, as a condition to the prosecution of his appeal.

Mary Thompson, the appellee, brought her bill in the Circuit Court for Hillsborough County against her husband, J. H. Thompson, for separate maintenance under the provisions of Section 3197, Revised General Statutes. The provisions of the section are as follows: "Alimony unconnected with causes of divorce.—If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the Court shall make such orders as may be necessary to secure to her such maintenance of contribution."

The allegations of the bill show that the complainant was at the time living apart from her husband, as she alleged, through his fault.  She had then been living apart from him when the bill was filed for more than ten months; she in Chicago, Illinois, and he in Tampa, Florida.  His fault consisted, according to her allegation, in his advice to complainant to return to Chicago, otherwise he would leave Tampa; and that he then gave her money to pay her transportation back to Chicago and for living expenses for a short while.

The defendant answered denying the allegations of the bill relied upon by the complainant for relief relating to their living apart through his fault.  And on the 19th of March, 1923, the defendant filed his cross bill for a divorce upon the grounds of desertion by his wife, which he alleges had continued for one year wilfully and obstinately. At that time, according to the allegations of the bill, they had been separated for a period of more than twelve months.

The complainant answered denying the material allegations of the cross bill and averring that she had been "driven away under the circumstances as alleged in the original bill."

Testimony was taken and final decree was entered dismissing the bill of complaint and the cross bill.  The Chancellor found that the complainant was "remaining away from her husband not through his fault" and that she was not entitled to the relief prayed for in her complaint.  The Chancellor also found that the defendant was not entitled to the relief prayed for in his cross bill because he failed to "prove that the desertion of him by Mary Thompson, the cross defendant, was wilful, obstinate and continued for more than one year."  The Chancellor, after reciting that the defendant had paid fifty dollars to

the complainant's solicitors as a "temporary" fee, ordered him to pay an "additional fee of one hundred dollars."

The defendant appealed.

It is difficult to reconcile the findings of the Chancellor with the decree rendered. The evidence in the case amply sustains the finding that the complainant is living apart from her husband through no fault of his. The allegations of the bill show that she had been living apart from him for more than ten months when the bill was filed and the finding was that she was living apart from him at the time of the decree. When the cross bill was filed she had been living apart from him for one year. If her living apart from him was through no fault of his, it follows, in the absence of any showing to the contrary, that such conduct constituted desertion. The complainant was not entitled therefore to the relief she sought, namely, maintenance by him or contribution to her support. If she had no cause of complaint she was not entitled to the allowance of an attorney's fee.

It is the duty of the husband to provide a home and living expenses for his family, and if the wife desires to enjoy that benefit it is her duty to live in the home he provides for her. She cannot leave that home at pleasure, abandon it for a year, and then equitably or under the statute require him to maintain her; nor is she entitled under the circumstances to an allowance for attorney's fees, to annoy him by demands for that to which she has no right, legal or equitable. See Walker v. Walker, 64 Fla. 536, 59 South. Rep. 898; Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923.

Maintenance of the wife while she is living apart from her husband is allowed under the statute on condition that she is living apart from him through no fault of hers; but allowance for suit money is allowable not as a matter of

strict right to the wife but as a matter of sound discretion of the court. See Underwood v. Underwood, 12 Fla. 434; Haddon v. Haddon, 36 Fla. 413, 18 South. Rep. 779.

The application before this court is for an order requiring the appellant to pay additional fees to solicitors for the appellee. To grant or refuse such application requires the exercise of sound discretion by this court just as the exercise of such discretion by the Chancellor is required of him when application is made to him for suit money for the wife. To exercise such discretion required the reading and examination of the record in this case, which we have done.

The conclusion which we have reached is that the motion for additional attorney's fees be denied, as also that part asking for an order requiring the appellant to pay the fee of one hundred dollars decreed by the Chancellor to be paid by him.

It is so ordered.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.