MARGARET ELIZABETH BELL v. JOHN W. BELL.

160 So. 375.
Division B.
Opinion Filed January 2, 1935.
Petition for Rehearing Denied April 16, 1935.

*Clarence J. Stokes* and *Whitaker Brothers,* for Appellant; *E. F. Householder,* for Appellee.

BUFORD, J.—In this case appellee filed his bill of complaint to procure divorce from appellant upon the ground of wilful, obstinate and continued desertion of the complainant by the defendant for a period of one year prior to the institution of suit.

The defendant filed answer and then amended answer in which she admitted that she had refused to live with the complainant for more than a year prior to institution of the suit, but alleged that her action in that regard was justified because of the fact that the complainant had been guilty of adultery with a woman by the name of Callie John on and during a certain trip to Hot Springs, Arkansas, which trip was participated in by Callie John, her husband, Chris John, and the complainant, John Bell.

The record shows that more than a year prior to the filing of the bill for divorce complainant and defendant were living together as man and wife on a farm near Sarasota; that complainant's brother lived in the house with complain-

ant and defendant, as did also the defendant's mother, and that complainant requested defendant to move with him from the farm to a house in Sarasota where they could live apart from other people; that the defendant refused to concede to this request and complainant then moved into Sarasota and continued to live there while defendant continued to live separate and apart from him in a house occupied by complainant's brother, his (the brother's) young son and defendant's mother; that she stated on numerous occasions that she would not move away from the home on the farm with the complainant.

The evidence fails to establish the charge of infidelity made by the defendant in her answer.

There is, therefore, in the record substantial evidence to support the decree of divorce appealed from, under the opinions and judgments in the cases of Walker v. Walker, 64 Fla. 536, 59 Sou. 898; and Hudson v. Hudson, 59 Fla. 529, 51 Sou. 857, 138 Am. St. Rep. 141. So the decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.