HOBSON, Justice.
This is an appeal by the defendant husband from a final decree of the circuit court, in chancery, denying a divorce to the plaintiff wife but granting the sum of $400 per month for the support and maintenance of the plaintiff and two minor children of the marriage. The appellee has filed no brief, a procedure which we have repeatedly condemned.
Originally, the wife sued for alimony unconnected with divorce, under F.S. § 65.10, F.S.A., but this suit was concluded by a final order of dismissal on the ground that the wife had failed to prove that the appellant failed to support her or the children. This order was entered on January 12, 1956.
On January 30, 1956, the wife filed her complaint in the present case, seeking alimony without divorce where the wife has grounds for divorce, F.S. § 65.09, F.S.A. Thereafter, with leave of court, the wife filed an amended bill of complaint seeking a divorce for extreme cruelty. The case was tried before the chancellor, who entered the final decree appealed from.
Since the chancellor specifically found that the plaintiff had failed to substantiate her grounds for divorce, he had authority to enter the alimony order only under F.S. § 65.10, F.S.A. The relief which may be granted a wife under this section is contingent, of course, upon a showing made by the wife that the husband has failed to support the wife or minor children. In Close v. Close, 158 Fla. 636, 29 So.2d 625, 626, in considering an action under F.S. § 65.10, F.S.A., we Said in part:
*648 “In order for the suit to be maintained, the husband must be able to maintain or to contribute to the support of his family and fail. If the husband at the time of the institution of the suit is not withholding support, commensurate with the financial condition and circumstances of the parties, this action is not maintainable.”
In the original suit, as we have stated, the order of dismissal was predicated upon the ground that the wife had failed to prove this essential point. We have reviewed the record in the present suit and find it also lacking in such proof. Although the wife testified that she had not been receiving any money from her husband “within the last few months” she further admitted, and the record shows, that in November of 19SS she withdrew from the bank the sum of approximately $8,500 which was the joint property of the parties. On January 12, 1956, the husband wrote to her, suggesting that from this sum she spend $350 per month for her support and the support of the children, at which rate the money would have lasted for 24 months from November 15, 1955. Even at the accelerated rate prescribed by the chancellor in his final decree, the money would have lasted well beyond the filing of the complaint in this action, as well as providing reasonable attorney fees if the chancellor had been disposed not to assess them against the husband. See McFarlin v. McFarlin, Fla., 75 So.2d 580.
We can find no evidence of record that the wife ever accounted for the disposition of this sum of $8,500 and can therefore perceive no reasonable basis upon which the challenged action could have been taken by the chancellor. Of course, the husband’s duty of support is a continuing obligation, and upon a proper showing of his failure in this duty it must be enforced by the chancellor, provided the ability of the husband is also shown.
Because of the defect in the record we have mentioned, the judgment appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
TERRELL, C. J., and DREW and O’CONNELL, JJ., concur.