HORTON, Judge.
The appellant, plaintiff in the lower court, 'has appealed from a final decree denying his petition for divorce and granting the ■ appellee separate maintenance. The appellant has charged the appellee with extreme ■cruelty.
The main"gr¿úhds'upon which the appellant seeks a reversal of the decree of the lower court, are t (.1) That the lower court misconceived the weight and sufficiency of 'the evidence to support the appellant’s petition for divorce, and (2) That the lower ■court was in error in awarding the appel-lee separate maintenance, unconnected with • causes of divorce.'
The record, reflectshhat the parties were married IVlay A.8, 1955, and that .the' appeh 'lant’s action for divorce was begun January 27, 1956. The appellant complains that the • appellee abused and nagged him, called.him vile names, alienated him from his friends -and continually harassed him over trivial and inconsequential matters. He described ■occasions .to exemplify his charge of abusive and nagging conduct by the appellee, •contending that her course of conduct constituted mental torture and extreme cruelty; ■that this conduct rendered the discharge of his marital duties.impracticable 'and impair■ed his health.' Appellee denied these accusations and counterclaimed for separate ■maintenance, unconnected with causes of divorce. • .
The chancellor below heard and consid•ered the testimony, and had an opportunity to .see and observe the witnesses as they •testified and to evaluate the relative weight that should'-be accorded their testimony. In •the final dedre^e, the chancellor commented that in his opinion the parties would never 'live together. jiappily as husband and wife .again, but..con eluded, .that the appellant had failed to discharge the burden placed upon him by law of proving, by a preponderance of the evidence, the charge made against the appellee.
The court has carefully considered the entire record in this cause and has not overlooked the fact that the appellant and appellee lived together only a short period of time prior to the beginning of marital difficulties, and that the appellant is approximately twenty-one years older than the appellee. However, this court is not justified in substituting its judgment for that of the chancellor of the lower court in judging the weight, credibility and effect to he given to the testimony offered. The fact that this court sitting in the place of the chancellor might have arrived at a differ■ent conclusion, would not in itself warrant .disturbing the decree. As a general rule, an appellate court -will not disturb the decree of a lower court upon the evidence unless -it-clearly-"appears that the decree is against the manifest weight of the evidence .or that the lower court has failed-;j:p apply applicable principles of law. We are bound in our consideration of the rights of the parties by the showing that they have made on the record, and while .it -appears that the chancellor might have fo.und'otherwise than he did, the record supports the decree. It was the appellant’s burden to establish the allegations of his complaint by a preponderance of the evidence and the chancellor below, having concluded that the'appellant had failed to discharge this burden, we cannot say he was in error ;in dismissing the complaint. See Straughter v. Straughter, Fla.1956, 87 So.2d 499.
. It is- obvious from a .reading <pf the decree that the lower court failed to consider and apply an essential requirement of the law entitling the appellee wife to separate maintenance under section 65.10, Fla. Stat., F.S.A. This essential requirement is a showing, supported by adequate proof, ■that a. husband having the'ability .to' sup'port nevertheless fails to' support or withholds it.' The.view of ;thfe Supreme C;gui-t *154 of Florida on this question, expressed in the case of Close v. Close, 158 Fla. 636, 29 So.2d 625, 626, appears to be controlling in this instance. In that case, the court said:
“In order for the suit to be maintained, the husband must be able to maintain or contribute to the support of his family and fail. If the husband at the time of the institution of the suit is not withholding support, commensurate with the financial condition and circumstances of the parties, this action is not maintainable.”
This has been affirmed in the recent case of Egland v. Egland, Fla.1957, 92 So.2d 647.
In consideration of the views hereinabove expressed, it follows that the portion of the decree denying the appellant a divorce is affirmed, and that portion awarding the ap-pellee separate maintenance is reversed.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and PEARSON, J., concur.