PEARSON, Judge.
The husband appeals from a final decree granting separate maintenance to the wife. The cause came on for trial before the chancellor upon the wife’s amended complaint for divorce or in the alternative for “separate maintenance” and the husband’s counterclaim for divorce. The prayer of the complaint was for a divorce upon the grounds of desertion and extreme cruelty, and for maintenance upon the same facts alleged to support a decree of divorce. The husband prayed for a divorce upon the ground of extreme cruelty. After trial and after the wife had testified that she desired maintenance rather than a divorce, the chancellor entered a final decree, in part as follows:
“ * * * having heard the testimony of plaintiff, together with witnesses on her behalf, and the testimony of the defendant, the court is of the opinion that there is sufficient evidence to support plaintiff’s action for divorce on the ground of desertion. There is insufficient evidence to support the cross complaint of the defendant seeking a divorce.
“By plaintiff’s amendment to her complaint, she seeks separate maintenance. The premise considered, it is
“Ordered, Adjudged And Decreed as follows:
“1. Plaintiff he and she is hereby granted separate maintenance from the defendant, * *
The appellant-husband contends: 1) There is no evidence to support the finding of desertion. 2) There is no evidence to support a decree for alimony unconnected with causes of divorce, section 65.10 Fla. Stat., F.S.A. 3) There is no evidence to support an award of $750 for wife’s counsel. 4) The court erred in denying the husband a divorce.
The chancellor’s finding that the husband was guilty of desertion as a ground for divorce cannot be sustained upon the evidence in the record. Section 65.04(7) Fla.Stat., F.S.A., requires willful, obstinate and continued desertion of complainant by defendant for one year. It is conceded by the appellee that this period did not intervene between the final separation of the parties and- the filing of the suit for divorce. Desertion as a ground *32 for divorce does not run during the pend-ency of a suit for divorce, where such proceedings are not a sham and pretense. Palmer v. Palmer, 36 Fla. 385, 18 So. 720.
 An essential requirement for relief to a wife under section 65.10 Fla.Stat., F.S.A., is a showing that the husband having the ability to support his wife or children, nevertheless fails to do so. Perry v. Perry, Fla.App.1957, 97 So.2d 152; Close v. Close, 158 Fla. 636, 29 So.2d 625. There is no evidence in the record that the husband failed or refused to support his wife and children. The wife in that portion of her complaint devoted to an action for maintenance only charges the following:
“In addition thereto, plaintiff alleges that both in person and through her attorneys, she has attempted to effect a reconciliation with the defendant, or at least enter into an amicable settlement of their differences and to arrive at a voluntary disposition of their jointly owned properties; that nevertheless the defendant has failed or refused to agree with plaintiff concerning a satisfactory sum necessary to provide for the care, support and maintenance of herself and minor children.”
Therefore the decree for maintenance ■cannot be grounded upon section 65.10 Fla. Stat., F.S.A.
The factual basis for this domestic failure is complex. It is unnecessary here to recite the various charges and the evidence supporting or refuting the charges. We have examined the record in the light ■of the arguments advanced and find that there is substantial evidence to support the finding of the chancellor that the husband was not entitled to a divorce upon his counterclaim. See Mickler v. Mickler, Fla.App.1958, 101 So.2d 157; Zook v. Zook, Fla.1953, 63 So.2d 642.
Appellant contends that no award of attorneys’ fees should have been made to the wife’s attorneys because she instituted the action as one for divorce and then later amended it to also ask for maintenance and only at trial requested that the chancellor award maintenance and not a divorce. This argument goes to the balancing of equities between the parties. It is available in the trial court but is not grounds for reversal here unless it is made to appear that the chancellor abused the discretion which he is called upon to exercise. This discretion is to be exercised within the bounds of recognized rules of law and principles of equity but will not be reviewed in the absence of a showing that he has departed from these principles. No such showing has been made. Lauderdale v. Lauderdale, Fla.App. 1957, 96 So. 2d 663, 665.
Having determined 1) that the chancellor erred in his finding that the appellant was guilty of desertion as a ground of divorce and 2) that the decree cannot be sustained under section 65.10, supra, the decree must be reversed. A consideration of the final decree impels the conclusion that relief was granted pursuant to section 65.09 Fla.Stat., F.S.A.[1] Under this section the essential elements are 1) the existence of a cause for divorce in favor of the wife, and 2) that she be living apart from her husband. As noted in the introductory portion of this opinion, the wife prayed for a divorce or maintenance upon the grounds of desertion and extreme cruelty. The final decree contains no ruling upon this latter charge. The decree *33 is susceptible to the interpretation thát the chancellor did not find such a ruling necessary in view of his finding upon the ground of desertion. Although a chancellor may give improper grounds for his conclusion if his conclusion is correct, the appellate court will affirm. Chase v. Cowart, Fla. 1958, 102 So.2d 147; Smith v. Croom, 7 Fla. 180. We are unwilling, however, to pass initially upon the existence of this cause of divorce, inasmuch as the point was not argued, and the chancellor, who heard the witnesses, is in a better position to make the determination. Therefore the decree is reversed and the cause is remanded for such further proceedings as the chancellor shall find proper, not in conflict with the views expressed in this opinion.
Reversed and remanded.
HORTON, C. J., and WIGGINTON, JOHN T., Associate Judge, concur.

. “Alimony unconnected with divorce
If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.”