PEARSON, Judge.
In 1954, the appellant, Florence Bloom, brought an action for alimony unconnected with causes for divorce. The final decree found the equities to be with her and awarded the sum of $60 per week as alimony. This amount was later reduced to $45 per week. In April of 1959, her husband brought a petition to terminate the alimony payments on the basis that he had developed a heart condition which necessitated his retirement from active business. The issue was referred to a special master who recommended the denial of the petition and the chancellor entered his order on the basis of this recommendation, but said order provided as follows:
“ * * * without prejudice to the defendant to resubmit the matters raised by his petition upon the production of satisfactory proof, such as mentioned in the master’s report, that he has retired from active business because of serious impairment of his health.”
*28 Thereafter the husband brought a petition “for further consideration” in which he alleged that he had retired from active business and that such retirement was made necessary by reason of ill health as reflected in his prior petition. Thereupon the chancellor referred the issue to the same special master who had previously made recommendations upon the prior petition, and appointed a physician to examine the petitioner. The report of the physician was apparently delivered to the special master, since it appears as an exhibit to his report. This special master found in part as follows :
“The defendant, Jerome Bloom, testified that subsequent to the last hearing and the recommendations of Special Master, he became unemployed. He declared that he sold his interest in his business in the sum of $8,500. He received $2,000 in cash, and the balance to be paid $300 monthly until paid in full. The sale was effected in February. He no longer has any salary or income other than the proceeds of the sale upon which he owes a capital gain, the original cost to the defendant being $1,250. He declared that he owes Dave Rosen, the sum of $2,500 as and for attorney’s fees, in a matter involving the Internal Revenue Department, and his co-partners want him to pay an additional $5,000 that they were required to pay out in connection with the same tax investigation and because of the defendant’s shortcomings.
“He is 56 years of age; he has a heart condition which will not permit him to work any longer. (See Exhibit of April 15, 1960 attached thereto.) He has approximately $400 in the Dreyfus Fund, which fund he is giving up because of his inability to maintain it further; he owns a 1956 Ford Station Wagon which is in need of repair. He has no possession other than a few personal belongings, excluding a watch, save and except $83 in the Dade Federal Savings & Loan Association of Miami, and $15 in a commercial bank. In short, according to him, his financial position is precarious with little likelihood of improving. Apparently, he has pledged the $300 to Claire Warshaw, for the purpose of taking care of him. It is not clear whether this $300 he receives from the sale of his business interest is free and clear of any requirement to pay the capital gains tax, or whether he has paid the same, in part or otherwise, from the $2,000 cash he received.
“In any event, he is in very poor financial straits. He testified that to and including the time of the hearing, he was delinquent to the extent of $340 in support money due his wife, Florence Bloom, and that he owed her former attorney John W. Wright, Esq., another $75. It was Mrs. Bloom’s contention, however, at that time, he owed $385.
“It appears that the plaintiff’s financial position is relatively the same as it was at the time of the last Master’s Report and Recommendations filed on July 16, 1959, or at least the record is silent if her position has worsened any.”
The special master concluded his report with the recommendation that: “The defendant’s petition for further consideration and modification of the final decree be granted, and that for the present, he no longer be required to make payment to the plaintiff for support but that jurisdiction be retained by this Court for the purpose of granting to the plaintiff further consideration in the event there is material change in the financial status of the parties.” It was also recommended that the husband be required to make up the ar-rearage which had accumulated. The chancellor entered his decree upon the recommendations of the special master.
It is immediately apparent that the effect of the order appealed is that Florence *29 Bloom is married to Jerome Bloom but is not entitled to receive support from him. While such a situation may be justified upon the basis of a wife living separate and apart from the husband through no fault of the husband’s (Preston v. Preston, 116 Fla. 246, 157 So. 197, 199; Thompson v. Thompson, 86 Fla. 515, 98 So. 589), it has no legal precedent where the wife has been judicially determined to be living separate and apart from her husband by reason of his fault.[1]
Although exceptions were filed to the special master’s report, it has not been demonstrated that the order of the chancellor is without support in the record, nor has it been shown that the findings of fact included in the master’s report were without basis in the testimony. Nevertheless it is apparent that the husband is in possession of an income at the present time of $300 per month. It is earnestly argued that he needs this $300 a month to support himself and to save something for the day when the $300 per month payment will cease. This is a valid argument, but it works just as powerfully for the wife. So long as Florence Bloom is the wife of Jerome Bloom she is entitled to support from him so long as he has any means of support and she has need for support. See cases cited" at 10 Fla.Jur., Divorce, §§ 166, 167. It may occur that the amount of support to which a wife is entitled is small indeed, but it does not follow that the husband may keep what little is available and the wife have nothing.
Upon a review of the testimony before the special master, at both the first and the second hearings on the petition for modification of payments to the wife, we hold that the wife is entitled to a payment of alimony pursuant to Section 65.10, Fla.Stat., F.S.A., of $60 per month until such time as either party is capable of demonstrating a change in conditions.
The decree is affirmed, except as to that part relieving Jerome Bloom from further payment of support.
Reversed in part, affirmed in part, and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. “Alimony” unconnected with causes of divorce. If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon complaint filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution. § 65.10, Fla.Stat., F.S.A.