PEARSON, TILLMAN, Chief Judge.
The husband appeals a decree for maintenance of his wife entered pursuant to § 65.10, Fla.Stat., F.S.A. which is entitled “Alimony unconnected with causes of divorce.” [1] He contends that the findings *302 of the chancellor (1) that he failed to support his wife and (2) that she was living apart from him through his fault are without support in the record.
A reading of the record in the light most favorable to the conclusions reached by the chancellor establishes that both plaintiff and defendant are people of substantial means. The husband owns a home in Toronto, Canada, but it was their custom to spend the winter season at Miami Beach in a home owned by the wife. Since the time of her marriage to defendant, plaintiff had been receiving a weekly sum of $150 for household expenses. By the wife’s testimony she received a regular allowance check on November 20, 1961, just prior to her departure from Toronto for the couple’s winter home in Miami Beach. This was the last time the regular weekly sum was paid. At this time she also received an extra $100 as expenses for opening the Miami Beach house.
Severe arguments ensued soon after the couple arrived in Miami Beach. On December 2, 1962, the defendant, having previously announced his intention to leave permanently, moved from the house with all of his belongings. Three days later, on December 5th, plaintiff’s complaint was filed and personal service was had upon defendant at a hotel on Miami Beach. Subsequently, he returned to Canada.
The period of time between the husband’s abandonment of the marital home and the service of the complaint in this action was indeed short, and the courts do not look with favor on a race to the courthouse in marital disputes. Further, both this Court and the Supreme Court of Florida have held that if the husband at the time of the institution of a suit under § 65.10, Fla.Stat, F.S.A., is not withholding support, such action is not maintainable. The Supreme Court so held in Close v. Close, 158 Fla. 636, 29 So.2d 625; and this Court held similarly in Perry v. Perry, Fla.App. 1957, 97 So.2d 152. See also Poerschke v. Poerschke, Fla.App.1959, 114 So.2d 30.
In the instant case the husband announced his intention of leaving his wife and terminating the relationship. His further announcement of an intention to leave the country, coupled with the fact that he removed all of his belongings from the home, provides a sufficient basis for the chancellor’s finding that the action of the wife was not so hasty as to preclude her from relief. Therefore, on the question of the husband’s failure to support, we hold that the husband’s failure to make provision before his announced departure from the country was sufficient to meet the requirements of the statute.
Appellant’s second point urges that his offers of reconciliation made after the filing of the complaint show that his wife is not living apart from him through his fault. Section 65.10, Fla.Stat., F.S.A., provides that a wife may obtain separate maintenance under the conditions set forth if she is living with her husband or living apart from him through his fault. In Carson, Florida Law of the Family, Marriage and Divorce 196 (1950), is found the following statement:
“In the one case, that is, suits brought under Section 65.09 of F.S.A. (where grounds for divorce must exist) it is not necessary that the court find that the wife is willing to live with the husband; but in the other case, Section 65.10 of F.S.A., where the provision is that they must be living apart through his fault, it must appear that she is willing to live with him.” [Emphasis supplied.] [2]
*303 Since plaintiff-wife is not living with her husband, we must determine whether or not she is living apart from him through his fault.
The record contains sufficient, competent evidence to support a finding that plaintiff did not refuse an offer of reconciliation at the time the suit for separate maintenance was filed and was not at that time living apart from her husband through fault of hers. However, the record discloses that subsequent to the filing of the complaint for separate maintenance by the wife, her husband made repeated offers of unconditional reconciliation. At the hearing on the matter, plaintiff was asked whether she was willing to reconcile with her husband. Her refusal was based on her statement that she was not able to do so because she was not well. Considering this in conjunction with the requirement of the statute, it does not appear that plaintiff-appellee is living apart from her husband through his fault. Under the circumstances, it appears that where .a husband desires a reconciliation with his ■estranged wife, the fact that she does not ■consider herself well enough 'to do so takes it out of the category of living apart through his fault. The action not meeting the requirements of the statute under which it was brought (§ 65.10, Fla.Stat., F.S.A.) the decree of the chancellor is reversed except that portion dealing with attorney’s fees which was not involved in this appeal.
Reversed.

. § 65.10, Fla.Stat., F.S.A.:
“If any husband having ability to maintain or contribute to the maintenance of liis wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may *302 obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution.”

. See Thompson v. Thompson, 86 Fla. 515, 98 So. 589; Preston v. Preston, 116 Fla. 246, 157 So. 197.