### RIDOLFI v. RIDOLFI.
No. 65-C-2586.
Circuit Court, Dade County.
August 12, 1965.

Philip J. Coniglio, Miami, for plaintiff.

Richard J. Hays of Simons, Hays & Grundwerg, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on to be heard upon final hearing upon the complaint for alimony unconnected with divorce filed by the plaintiff-wife, Gertrude S. Ridolfi, and the husband's answer and counterclaim for divorce, filed by the defendant, Ralph E. Ridolfi. After careful consideration of the testimony of the various witnesses and exhibits produced on behalf of the parties, the pleadings, the transcript of the testimony of the emergency hearing held on the question of temporary support on March 12, 1965 (two days after the wife's complaint was filed herein), the court finds — (a) that it has jurisdiction over the parties and the subject matter of this litigation, (b) the equities of this cause are with the defendant-husband, and (c) the plaintiff-wife has failed to establish by competent proof either grounds for divorce, or the failure of the defendant-husband to furnish her support.

The law of this jurisdiction imposes upon a party seeking alimony unconnected with divorce the burden of establishing — (1) the marriage, (2) the grounds for divorce, and (3) financial needs on the part of the party seeking alimony and a failure of the defendant to supply sufficient support to meet the basic needs and requirements of the family.

The plaintiff-wife, Gertrude S. Ridolfi, has failed to meet this burden of proof, and her complaint will, in a subsequent portion of this decree, be dismissed.

The plaintiff-wife testified at the emergency hearing on temporary support, held March 12, 1965, that her husband had left her financially destitute on February 28, 1965, and that she was

in dire need of financial assistance and support for herself, and the two children of the parties. She further testified that she was completely without funds with which to pay her attorneys or suit monies with which to prosecute these proceedings. In reply to questions asked her on cross-examination concerning the disposition of some $5,000 under the name of Trudie Ridolfi in a savings account at the Bank of Dade County, the plaintiff stated that she had no funds in any such account, and further *that she had not removed any funds from any savings account.* The witness further stated that the last time she had funds on deposit in the savings account was in August of 1963, when $5,000 had been withdrawn and sent north to the plaintiff's mother and father.

At the final hearing of the cause, an officer of the Bank of Dade County testified, and produced photostatic copies of the savings department records, establishing that the plaintiff-wife, Trudie Ridolfi, withdrew the sum of $5,000 on January 12, 1965 from the savings account in her name at the Bank of Dade County. On the same day, the plaintiff withdrew approximately $1,700 from the checking account in the joint name of the parties, also at the Bank of Dade County, and opened, for the first time during the marriage of the parties, a safe-deposit box in her individual name, also at the Bank of Dade County.

The wife's testimony at the emergency hearing on temporary support was patently false with respect to the savings account.

The plaintiff-wife then changed her story at the final hearing of the cause and admitted that she withdrew the funds from the savings account on January 12, 1965 ($5,000), and from the checking account on the same date (approximately $1,700), and delivered this sum, in cash, enclosed in a white envelope to her husband who took it off to work with him in his briefcase at 7 A.M. the next morning. The wife denied that she had placed the $6,700 cash in the safe-deposit box rented in her own name, "Trudie S. Ridolfi,"opened on January 12, 1965, but stated that she rented the box at her husband's insistence in order to place some costume jewelry therein, and that on her three subsequent visits, namely February 25, March 8 and March 10, 1965, she took the costume jewelry out leaving the box empty.

The defendant-husband testified that his wife told him she cleaned out both accounts and has the funds available to her use, as well as the $5,000 she withdrew from the savings account on the previous occasion (August 14, 1963) and gave to her parents as a loan. The husband testified that all of the funds in both accounts were, to the best of his knowledge, in the bank on the day that he left the home in February of 1965.

The court, based upon personal observations of both parties during their lengthy testimony, their demeanor, their candor (and lack of it), respecting the mysterious disappearance of the $6,700, concludes that the plaintiff-wife's testimony is unworthy of belief. The court finds that the plaintiff-wife did, in truth and fact, withdraw approximately $6,700 from the two accounts at the Bank of Dade County, and that she presently has under her custody and control these sums or such balances as may be remaining less whatever expenditures she has made. The court further finds that the $5,000 sent to the wife's parents in August of 1963 was in truth and fact a loan from plaintiff and defendant herein to the mother and father of the wife, and that this sum is forthcoming to her at any time she cares to make request for it from her parents. It is, therefore, clear that the plaintiff has ample means and funds with which to maintain herself and the two children of the parties, and to pay her attorney's fees and court costs herein.

It is the law of this state that a suit for separate maintenance will not lie and must be dismissed when the facts of the case demonstrate that a wife has funds at her command to maintain herself during the separation and where, as here, the husband has provided support. Rambo v. Rambo, Fla., 155 So.2d 817; Wood v. Wood, Fla., 166 So.2d 627; Egland v. Egland, Fla., 92 So.2d 647.

The court further finds, with respect to the counterclaim for divorce, that the parties were lawfully married on May 2, 1953, in Philadelphia, Pa., and that there were two children born as a result of this marriage, namely, Deborah Ridolfi and Julius Alan Ridolfi.

In consideration of the husband's ability to pay child support and alimony, it is the finding of this court that the total income to the husband (after taxes), is $130.60 per week, paid to him by his employer, Service-First Insurance Agency. For at least the last five years, the plaintiff-wife has earned between $75 and $100 per week during the winter season of each year as a waitress at various restaurants and ocean-front hotels in the Miami-Miami Beach area. The proof establishes that the parties exercised a consistent pattern of conduct throughout the years of depositing such sums as were left over from their joint earnings into the savings account in the individual name of Trudie Ridolfi at the Bank of Dade County. It is through their joint efforts that the grand total of some $11,700 was accumulated over the years. These funds have been disbursed in part to the wife's parents ($5,000 on August 14, 1963), and $6,700 to the wife (January 12, 1965), as set forth in the preceding portions of this decree. The wife testified her needs to be $810 per month.

The parties both agreed that the plaintiff-mother is a fit and proper person to have the care, custody and control of the two minor children of the parties. However, a serious problem has arisen in the daughter, Deborah Ridolfi, refuses to see her father on his weekend visitation periods. The record will reflect a diligent effort on the part of the court to avoid the loneliness and heartache that is certain to follow this little girl the remainder of her days if she persists in rejecting her father's love.

Lastly, it is the finding of this court that the defendant-husband has sustained the allegations of his counterclaim for divorce by substantial, corroborated testimony, and that he is entitled to the relief prayed for.

It is therefore ordered, adjudged and decreed that —

The complaint for alimony unconnected with divorce is dismissed at the cost of the plaintiff. The husband, Ralph E. Ridolfi, is hereby granted a divorce, a vinculo matrimonii, from the plaintiff, Gertrude S. Ridolfi.

The care, custody and control of the two minor children of the parties is hereby vested in the plaintiff-wife, Gertrude S. Rudolfi, with all reasonable rights of visitation to the defendant-husband, Ralph E. Ridolfi. Reasonable rights of visitation are defined to be each Saturday, from 9 A.M. to 6 P.M.; each Sunday, from 12:30 P.M. to 8 P.M.; one week at either Christmas-time or Easter, depending upon the agreement of the parties; and two weeks each summer, coinciding with the husband's vacation. The husband may have his two-week summer visitation period with the children commencing August 21, 1965, with subsequent dates of vacations in succeeding years to be mutually agreed upon between the parties. The plaintiff shall not remove the children from the state of Florida without the prior written consent of the defendant.

The order fixing temporary attorney's fees and court costs entered herein on July 21, 1965 is vacated and set aside, and both parties are directed to pay their own costs and fees as each may have incurred them during the pendency of these proceedings.

The defendant-husband is directed to pay to the plaintiff $20 per week as permanent alimony, and $30 per week as permanent child support, except during the two-week summer vacation period when the $30 weekly designated as child support is suspended.

The court retains jurisdiction over this cause for the enforcement of the provisions of this decree.